(No. 1993— )

L. C. MILLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1933.*

HINCHCLIFF, MILLER & THOMAS, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The Fifty-sixth General Assembly of the State of Illinois enacted a statute entitled "An Act to Create a Temporary Commission to Investigate the Advisability or Need of a General Revision of the Laws Relating to Elections, to Make Recommendations Relating Thereto and to Draft any Proposed Legislation and Make an Appropriation Therefore." Section two (2) of such Act provides as follows:

"Sec. 2. The Commission shall have power to elect a chairman from among its members and secretary from among its members or otherwise, and to appoint and at pleasure remove such expert help and other assistants as may be necessary to the purpose for which it is created." (L. 1929, p. 39.)

Pursuant to such enactment of the Legislature, Hon. Louis L. Emmerson, then Governor, appointed the following named persons as Commissioners to carry out the provisions of such Act, to-wit: Edmund K. Jarecki, Milton J. Foreman, and James S. Baldwin.

On December 19, 1930, the Commission, pursuant to the authority given in the aforementioned statute, engaged and employed the claimant, L. C. Miller, as an expert to assist in its work under the aforementioned statute.

From the stipulation of facts heretofore filed herein, it appears that the claimant was to receive for his services a minimum fee of One Thousand Dollars ($1,000.00), together

with an allowance of expense money in the amount of Five Hundred Dollars ($500.00), with the understanding that if any part of such expense money were not actually expended, the remainder would be paid to the claimant in addition to the aforementioned minimum fee of One Thousand Dollars ($1,000.00).

The claimant accepted the appointment and continued therein until the 30th day of January, A. D. 1931, and occasionally thereafter until the 1st day of June, A. D. 1931, when the work of the Commission was completed.

At the time the claimant was appointed by the Commission, there was an unexpended balance of Fifty-three Hundred Seventy Dollars and Ninety-two Cents ($5,370.92) in the appropriation made for such Commission. On June 1st, 1931, the date on which the work of the Commission was completed, there was a balance of Thirteen Hundred Eighty-eight Dollars and Eighty-three Cents ($1,388.83) in such fund, which balance was afterwards exhausted without any payment to the claimant except the sum of Two Hundred Twenty-seven Dollars and Forty-five Cents ($227.45), which was paid to him to apply on his expense account.

No question is raised as to the value of the services rendered or the reasonableness of the charge made. Under the stipulation entered into by and between the Attorney General and the claimant, it appears that there is due and owing to the claimant for the services rendered by him to such Commission, the agreed minimum fee of One Thousand Dollars ($1,000.00), and in addition thereto the sum of Two Hundred Seventy-two Dollars and Fifty-five Cents ($272.55), being the unexpended balance of the aforementioned allowance for expenses.

It is Therefore Ordered, That an award be entered in favor of the claimant in the amount of Twelve Hundred Seventy-two Dollars and Fifty-five Cents ($1,272.55), in full settlement and satisfaction of all claims for services and expenses in connection with his work for such Commission.